**United States District Court**
**Eastern District of Michigan**
**Southern Division**

CRYSTAL CURTIS Duly Appointed Personal Representative for the Estate of Michael Contrell Adams, deceased

CASE No. 2:21-cv-12342

State Court Case No. 21-011843-NO
Hon. Dana M. Hathaway

Plaintiff,

v.

CITY OF DETROIT, a municipality, Chief James White, Police Officer John Doe and Police officer John Doe, in there individual and official capacity, Jointly and Severally,

Defendants.

DAVIDA A. ROBINSON (P38754)
BRANDON MCNEAL (P81300)
Attorneys for Plaintiff
28145 Greenfield Rd., Ste. 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

Crystal B. Olmstead P69202
City of Detroit Law Department
Attorneys for Defendants, City of Detroit and Joshua Davis
Two Woodward Avenue, 5th Floor
Coleman A. Young Municipal Center
Detroit, Michigan 48226
( (313) 237-5035 (direct)
313) 237-3078 (secretary Linda Rucker)
olmsteadc@detroitmi.gov
ruckerli@detroitmi.gov

THOMAS E. KUHN (P37924)
CO-COUNSEL FOR PLAINITFF
645 Griswold Ste. Ste. 1900
Detroit, MI 48226

313.963.5222 fax 313.963.9061
tekuhn@aol.com

---

**NOTICE OF REMOVAL TO THE**
**UNITED STATES DISTRICT COURT**

**To: The Honorable Judges of the United States District Court Eastern District of Michigan**
**Southern Division**

Now Comes the removing Defendant, City of Detroit, by and through its counsel, the City of Detroit Law Department, and pursuant to 28 U.S.C.A. §§ 1441 et seq., and files the instant Notice of Removal to Federal Court. In support of this Notice of Removal to Federal Court, Defendant, respectfully states as follows:

1. On September 10, 2021, plaintiff commenced this action in the Third Judicial Circuit of Michigan. This action is now pending before that court.

2. Defendant was served with the summons and complaint on or about September 16, 2021.

3. Defendant has not filed an Answer to the Summons and Complaint.

4. The above entitled action is a civil suit allegedly arising, in part, from a violation or deprivation of rights under the United States Constitution, as more fully appears in the copy of the complaint attached to this notice.

5. This Court has original jurisdiction of the above-entitled action under 28 U.S.C. ' 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a) and (c).

6. Under 28 U.S.C. '1441(c) this action can be removed in its entirety to this Court.

7. Copies of all process, pleadings, and orders served upon the defendants in this

matter are attached.

8. This notice is timely, having been filed within thirty days after service of Summons and Complaint upon the defendant.

9. The undersigned has prepared a written notice of notice of the removal of this action. Promptly after filing this Notice of Removal the undersigned will file a copy with the clerk of the court from which this action is removed, and provide a copy to counsel of record.

10. Based upon the authorities and facts recited above, defendants request removal of the above-entitled action to this Court.

Dated: October 4, 2021

/s/ Crystal B. Olmstead

______________________________

Crystal B. Olmstead P69202
City of Detroit Law Department
Attorneys for Defendants
Two Woodward Avenue, 5th Floor
Coleman A. Young Municipal Center
Detroit, Michigan 48226
(313) 237-3057
(313) 237-5035
nosej@detroitmi.gov
olmsteadc@detroitmi.gov

## Certificate of Service

The undersigned certifies that on **October 4, 2021** she served the foregoing papers upon the above named counsel of record by the MiFile Powered by True Filing System and by US Mail.

/s/ Crystal B. Olmstead

Approved, SCAO | Original - Court
1st Copy- Defendant | 2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-011843-NO<br>Hon.Dana Margaret Hathaway |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-2444

**Plaintiff's name(s), address(es), and telephone no(s)**
Curtis, Crystal, Personal Rep. et. Al

**Plaintiff's attorney, bar no., address, and telephone no**

David A. Robinson 38754
28145 Greenfield Rd Ste 100
Southfield, MI 48076-7102

**Defendant's name(s), address(es), and telephone no(s).**
City of Detroit

RECEIVED
SEP 16 2021
CITY OF DETROIT
LAW DEPARTMENT

mail
12:15 pm
6p

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ ______________________ Court,

where it was given case number __________ and assigned to Judge __________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/10/2021 | 12/10/2021 | Carlita McMiller |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

THIRD JUDICIAL CIRCUIT OF MICHIGAN

**SUMMONS**
Case No. : **21-011843-NO**

# PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ______________________________
List all documents served with the Summons and Complaint

______________________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Attn: Lawrence Garcia | 2 Woodward Ave Suite 500 | |
| c/o City of Detroit | Detroit, MI 48226 | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | $ | $ | |
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ |

______________________________
Signature

______________________________
Name (type or print)

______________________________
Title

Subscribed and sworn to before me on ______________ (Date), ______________ County, Michigan.

My commission expires: ______________ (Date) Signature: ______________ Deputy court clerk/Notary public

Notary public, State of Michigan, County of ______________________________

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with ______________ (Attachments)

______________________________ on ______________ (Day, date, time)

______________________________ on behalf of ______________________________.
Signature

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-011843-NO<br>Hon.Dana Margaret Hathaway |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-2444

| Plaintiff's name(s), address(es), and telephone no(s) | Defendant's name(s), address(es), and telephone no(s). |
|---|---|
| Curtis, Crystal, Personal Rep. et. Al | White, James Chief |
| **Plaintiff's attorney, bar no., address, and telephone no**<br>David A. Robinson 38754<br>28145 Greenfield Rd Ste 100<br>Southfield, MI 48076-7102 | |

RECEIVED
SEP 16 2021
CITY OF DETROIT
LAW DEPARTMENT
Mail 12:15pm

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ ______________________ Court,

where it was given case number ____________ and assigned to Judge ____________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/10/2021 | 12/10/2021 | Carlita McMiller |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



THIRD JUDICIAL CIRCUIT OF MICHIGAN

**SUMMONS**
Case No.: **21-011843-NO**

# PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ____________________
List all documents served with the Summons and Complaint

____________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Attn: Lawrence Garcia | 2 Woodward Ave, Suite 500 | |
| c/o: Chief James White | Detroit, MI 48226 | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | $ | $ | |
| **Incorrect address fee** $ | **Miles traveled** $ | **Fee** $ | **Total fee** $ |

____________________
Signature

____________________
Name (type or print)

____________________
Title

Subscribed and sworn to before me on __________ (Date), __________ County, Michigan.

My commission expires: __________ (Date) Signature: __________ Deputy court clerk/Notary public

Notary public, State of Michigan, County of __________

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with __________ (Attachments)

__________ on __________ (Day, date, time)

__________ on behalf of __________.
Signature

21-011843-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 9/10/2021 3:18 PM Carlita McMiller

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CRYSTAL CURTIS, Duly Appointed
Personal Representative for the Estate
of Michael Contrell Adams, deceased,

Plaintiffs,
v.

CASE NO. : NO
HON.

CITY OF DETROIT, a municipality
CHIEF JAMES WHITE, POLICE OFFICER
JOHN DOE AND POLICE OFFICER JAMES DOE,
in their individual and official capacities,
Jointly and Severally,

_______________________________________/

**DAVID A. ROBINSON (P38754)**
**BRANDON MCNEAL (P81300)**
ROBINSON & ASSOCIATES, P.C.
Attorneys for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
645 Griswold Street, Ste. 1900
Detroit, MI 48226
313.963.522; fax 313.963.9061
tekuhn@aol.com

_______________________________________/

**COMPLAINT and JURY DEMAND**

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

/s/ David A. Robinson
David A. Robinson (P38754)

1. At all pertinent times, Plaintiff and her deceased were residents of Wayne County, and citizens of the State of Michigan.

2. Chief James White along with other unknown officers JOHN DOE and JAMES DOE (hereafter Individual Defendants), were citizens of the State of Michigan, and at all pertinent times worked and were employed by the City of Detroit in Wayne County.

3. Defendant City of Detroit is a municipal corporation located in Wayne County, Michigan and operates subject to the laws and constitutions of both the State of Michigan and the United States of America.

## JURISDICTION AND VENUE

4. Individual Defendants were at all pertinent times employed by the City of Detroit and were at all pertinent times, acting pursuant under color of state law and pursuant to customs, policies, and practices of Defendant City of Detroit.

5. Plaintiff brings this action under the laws of the State of Michigan, the United States Constitution, and 42 U.S.C. §1983.

6. Plaintiff also brings this cause of action pursuant to MCLA 600.2922 Wrongful death statute.

7. Venue is appropriate because the events giving rise to this action occurred entirely in Wayne County, Michigan.

8. The amount in controversy in this action is Twenty Million Dollars ($20,000,000.00), which exceeds Seventy-Five Thousand Dollars ($75,000) and is otherwise within this Court's subject matter jurisdiction.

## FACTUAL ALLEGATIONS

9. On or about August 8, 2021, Plaintiff's deceased was a passenger in a

vehicle that lost control and unintentionally struck the driver's side of a parked undercover unmarked police car occupied by undercover plainclothes Defendants JOHN DOE and JAMES DOE.

10. At no time did either defendant officer identify himself as a police officer.

11. Immediately after the accident Plaintiff's deceased exited the vehicle and ran around the car and to the north into a crowd of people who had been spectating.

12. At no time did Plaintiff's deceased have a weapon.

13. Both JOHN DOE and JAMES DOE exited the undercover unmarked police vehicle. At least one of the defendant officers who will be identified through discovery, without announcing he was a police officer, shot at Plaintiff's deceased as he ran in the opposite direction, still unarmed, striking him twice in the back and once in the forearm. The shot which is described as the kill shot is described as "a through and through entrance gunshot wound on the right upper back. The wound track proceeded through the posterior right 4th and 5th ribs, upper and lower lobes of the right lung, right subclavian artery, and ended at an exit wound on the anterior right neck. There was approximately 800 ml of blood within the thoracic cavity. The wound track was back to front, right to left and upward."

14. Another shot to the back is described as "a through and through entrance gunshot wound on the left lateral back. The wound track proceeded through the skin and soft tissue of the left flank and ended at an exit wound on the left lateral back. The wound track was from right to left."

15. At the time the unidentified defendant officer fired the terminal shot, Plaintiff's deceased fell to his knees. This shot was incapacitating and was the last shot fired.

16. At the time the unidentified defendant officer fired at Plaintiff's deceased he also was firing toward a group of unarmed innocent onlookers striking or nearly striking them with his bullets.

17. At no time were any shots fired at the officer. At no time was Plaintiff's deceased ever a threat to either defendant officer.

18. At the time of the terminal shot incapacitating the deceased, the claimed gun found at the scene was nowhere near the deceased's body.

19. At no time did Defendant Doe ever intervene or prevent the actions of John/James Doe to stop him from his unlawful actions in using deadly force against the unarmed deceased.

20. Contrary to the public statement made by Defendant White, Plaintiff's deceased at no time pointed a gun at the officer, refused any order by the officer or was a threat to the officer, or his partner, as is implied by the Chief.

21. At that time, unknown Defendant officers were under the direction and control of Defendants City of Detroit and White, exhibiting excessive force although deceased was running away and was not facing the officers. As deceased was doing nothing illegal or threatening, Defendant officers had no justification for the use of deadly force.

22. Except for the improper conduct by unknown Defendant officers, no justification existed to use of any force, let alone deadly force against the Plaintiff's deceased.

23. The conduct of the City of Detroit:

a. Established or condoned customs, policies and/or practices pursuant to which Individual Defendant and unknown Defendant officers under the direction and control of Defendants Detroit and White, violated Plaintiff's deceased's well-established Constitutional rights;

b. Failed to properly train, discipline and/or supervise Individual

Defendant or unknown Defendant officers under the direction and control of Defendants Detroit and White and others such that they violated Plaintiff's deceased's well-established Constitutional rights;

c. Denied Plaintiff's deceased fair treatment during the investigation;

d. Denied Plaintiff's deceased fair and equal treatment; and,

e. Ratified, condoned, and/or permitted the conduct of Individual Defendant and unknown Defendant officers under the direction and control of Defendants Detroit and White and others;

24. The conduct of the Individual and unknown Defendant officers under the direction and control of Defendants City of Detroit, White and others:

a. Exerted unnecessary and excessive force against Plaintiff's deceased;

b. Wrongfully shot Plaintiff's deceased's in violation of his 4th Amendment rights;

c. Were grossly negligent, and made Plaintiff's deceased's condition worse after shooting him;

25. As a direct and proximate result of Defendants' conduct, Plaintiff and Plaintiff's deceased suffered injuries and damages including, but not limited to:

a. Economic damages, past and future;

b. Pain and suffering, physical injury;

c. Loss of society and companionship;

d. Fear, anxiety, humiliation, and shame;

e. Serious emotional distress; and

f. Cost of past medical and funeral services.

g. Any and all damages allowable under Michigan's Wrongful Death statute.

**COUNT I**
**42 U.S.C. 1983 & 1985 AGAINST INDIVIDUAL DEFENDANTS AND UNKNOWN DEFENDANT OFFICERS**

26. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

27. The Individual and unknown Defendant officers' actions under the direction and control of Defendants Detroit and White and others were done in their individual capacities, and under color of state law.

28. The Individual and unknown Defendant officers' actions under the direction and control of Defendants Detroit and White and others violated clearly established rights of the Plaintiff's deceased, including, but not limited to:

a. The right to be free from excessive force in the course of an arrest (4th and 14th Amendment);

b. The right to have officers intervene to prevent wrongful conduct by a fellow officer (4th and 14th Amendment);

c. The right to be free from wrongful detention (4th and 14th Amendment); and,

29. As a direct and proximate result of the Individual and unknown Defendant officers' actions under the direction and control of Defendants City of Detroit and White and others, Plaintiff and Plaintiff's deceased suffered injury and damages including, but not limited to those set forth in paragraph 25.

**WHEREFORE,** Plaintiff claims judgment against Individual and unknown Defendant officers in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT UNDER 42 USC 1983

30. Plaintiffs hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

31. At all times herein, Defendant City of Detroit with deliberate indifference to the constitutional rights of the Plaintiff's deceased and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff deceased's rights under the United States Constitution:

a. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to preventing wrongful conduct by fellow officers and with regard to the appropriate and necessary use of force;

b. Hiring and/or retaining as law enforcement officers, supervisors, and certain persons whom the Defendant City of Detroit knew or had actual notice of using excessive force, failing to intervene to stop wrongful conduct by fellow officers;

c. Failing to intervene when it knew of improper excessive force;

d. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the improper use of force, and failure to intervene to stop other officer's wrongful conduct;

e. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit; and,

f. Directing and controlling the wrongful actions of Defendant police officers by Defendant City of Detroit and White and others.

32. Each of the customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff's deceased and other individuals, and each was a moving force in the violations of the Plaintiff deceased's United States constitutional rights, as set forth herein.

33. As a direct and proximate result of Defendant City of Detroit's actions, Plaintiff and Plaintiff's deceased suffered injury and damages including those set forth in paragraph 25.

**WHEREFORE**, Plaintiff claims judgment against Defendant City of Detroit in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including Michigan Wrongful Death, exemplary and/or punitive damages allowable by law.

## COUNT III
## LIABILITY UNDER STATE LAW AGAINST INDIVIDUAL DEFENDANTS AND UNKNOWN DEFENDANT OFFICERS

34. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

35. Individual and unknown Defendant officers were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

36. The minor decision making involved in Individual and unknown Defendant officers' actions at all times relevant hereto were merely incidental to the execution of said Individual and unknown Defendant officers' ministerial-operational duties.

37. At all times relevant hereto, Plaintiffs had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and United States Constitution, by Individual and unknown Defendant officers.

38. At all times relevant hereto, Individual and unknown Defendant officers failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence

and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

a. To act in good faith, while shooting, detaining and killing Plaintiff's deceased;

b. To act in good faith, while exerting excessive force upon Plaintiff's deceased;

c. To comply with all applicable statutes, laws, rules, regulations and/or ordinances, including but not limited to the Michigan laws.

39. Notwithstanding these duties, Individual and unknown Defendant officers knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff's deceased in a manner violative of Michigan law, Federal law and the United States Constitution, by acting in bad faith and engaging in ultra vires conduct.

40. Notwithstanding these duties, Individual and unknown Defendant officers knowingly failed to fulfill their ministerial duties while on duty and acting during their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully exerted excessive force upon Plaintiff's deceased in bad faith.

41. Notwithstanding these duties Individual and unknown Defendant officers deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

a. By wrongfully detaining, shooting and killing Plaintiff's deceased.

b. By exerting excessive force on Plaintiff's deceased.

42. As a direct and a proximate result of Individual and unknown Defendant officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff's deceased and Plaintiff were injured.

43. As a direct and a proximate result of Individual and unknown Defendant officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff and Plaintiff's deceased suffered and continue to suffer serious and permanent personal injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 25 or allowable under Michigan's Wrongful Death statute.

**COUNT IV**
**GROSS NEGLIGENCE UNDER STATE LAW**

44. Plaintiffs hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

45. Individual and unknown Defendant officers owed Plaintiffs a duty of care, including but not limited to a:

a. Duty to provide protection for Plaintiff's deceased when he was in a helpless condition;

b. Duty not to make Plaintiff's deceased's condition worse after shooting him;

c. Duty to properly assure the safety of Plaintiff's deceased when he was in their care;

d. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff's deceased which they should have recognized as necessary for the protection of Plaintiff's deceased's person and failed and, their failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A; and,

e. Duty not to improperly use deadly weapons against foreseeable victims.

46. The actions of the Individual and unknown Defendant officers wantonly and recklessly, in gross negligence, violated the duties to Plaintiff's deceased and disregarded Plaintiff's deceased's rights.

47. The Individual and unknown Defendant officers' actions in acting with gross negligence and denying Plaintiff's deceased's rights caused loss of rights and injury to the Plaintiff's deceased and Plaintiff.

48. The Individual and unknown Defendant officers' actions were in wanton, reckless and callous disregard to Plaintiff's deceased's rights and to the injury to Plaintiff's deceased and were grossly negligent.

49. Under MCL 691.1407, citizens may maintain an action in tort against police Defendants whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

50. As a direct and proximate result of the Individual and unknown Defendant officers' actions, Plaintiff's deceased and Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 25.

**WHEREFORE**, the Plaintiff claims judgment against Individual and unknown Defendant officers in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including all those allowable under Michigan's Wrongful Death statute, exemplary and/or punitive damages.

## COUNT V
## ASSAULT AND BATTERY AGAINST INDIVIDUAL AND UNKNOWN DEFENDANT OFFICERS

51. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

52. Individual and unknown Defendant officers under the direction and control of Defendants City of Detroit and White and others caused and/or effected the wrongful seizure, use of excessive force against Plaintiff's deceased.

53. In full view of members of the community, Individual and unknown Defendant officers under the direction and control of Defendants Detroit, White and others used excessive force, shooting and killing Plaintiff's deceased.

54. Individual and unknown Defendant officers under the direction and control of Defendants Mayor Detroit, White and others physically restrained Plaintiff's deceased and deprived him of his personal liberty, freedom of movement and life.

55. In full view of members of the community Individual and unknown Defendant officers under the direction and control of Defendants Detroit, White and others improperly used deadly weapons to restrain Plaintiff's deceased and deprived him of his personal liberty, freedom of movement and life.

56. The assault and battery killed Plaintiff's deceased.

57. As a direct and proximate result of the Individual and unknown Defendant officers' actions, Plaintiff's deceased and Plaintiff suffered injury and damages including those set forth in paragraph 25.

**WHEREFORE**, the Plaintiff claims judgment against Individual and unknown Defendant officers in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs

and attorney's fees, and all other damages, including all damages allowed under the Michigan Wrongful Death statute, exemplary and/or punitive damages.

Respectfully submitted,

/s/ David A. Robinson_________
DAVID A. ROBINSON (P38754)
THOMAS E. KUHN (P37924)
BRANDON MCNEAL (P81300)
Attorneys for Plaintiff

Dated: September 10, 2021

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CRYSTAL CURTIS, Duly Appointed
Personal Representative for the Estate
of Michael Contrell Adams, deceased,

Plaintiffs,

v.

CASE NO. : NO
HON.

CITY OF DETROIT, a municipality
CHIEF JAMES WHITE, POLICE OFFICER
JOHN DOE AND POLICE OFFICER JAMES DOE,
in their individual and official capacities,
Jointly and Severally,

/

**DAVID A. ROBINSON (P38754)**
**BRANDON MCNEAL (P81300)**
ROBINSON & ASSOCIATES, P.C.
Attorneys for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
645 Griswold Street, Ste. 1900
Detroit, MI 48226
313.963.522; fax 313.963.9061
tekuhn@aol.com

/

**JURY DEMAND**

**NOW COMES** the Plaintiff and demands trial of her cause by jury.

Respectfully submitted,

/s/ David A. Robinson
DAVID A. ROBINSON (P38754)
THOMAS E. KUHN (P37924)
BRANDON MCNEAL (P81300)
Attorneys for Plaintiff

Dated: September 10, 2021

ROBINSON & ASSOCIATES, P.C.
Attorneys and Counselors at Law

David A. Robinson, Esq.
Brandon McNeal, Esq.

28145 Greenfield Road
Suite 100
Southfield, Michigan 48076-7116
Office: (248) 423-7234/Facsimile (248) 423-7227
E-mail: davidrobinsonlaw@gmail.com
E-mail: mcnealbr@gmail.com

September 13, 2021

Attn: Lawrence Garcia
City of Detroit Law Department
2 Woodward Ave, Suite 500
Detroit, MI 48226

Re: Crystal Curtis, et al v City of Detroit, et al
Case No: 21-011843-NO

Dear Mr. Garcia:

Enclosed you will find the Summons and Complaint for service upon the City of Detroit and Chief James White, regarding an incident that occurred on or about August 8, 2021, relevant to the above-captioned matter.

Thank you for your attention in this regard. Should you have any questions or concerns, please do not hesitate to contact our office at the number provided above.

Best Regards,
ROBINSON & ASSOCIATES, P.C.

DAVID A. ROBINSON
ATTORNEY AND COUNSELOR AT LAW

DAR/ccw
Enclosure(s)

Robinson & Associates, P.C.
Attorneys and Counselors at Law
28145 Greenfield, Suite 100
Southfield, MI 48076

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®
7020 1290 0002 0249 4691

UNITED STATES POSTAL SERVICE®
1000
48226
U.S. POSTAGE PAID
FCM LG ENV
LATHRUP VILLAGE, MI
48076
SEP 14, 21
AMOUNT
$9.16
R2304H109731-09

Attn: Lawrence Garcia
City of Detroit Law Department
2 Woodward Ave, Suite 500
Detroit, MI 48226

RETURN RECEIPT
REQUESTED

RECEIVED
SEP 16 2021
CI... TROIT
LAW DEPARTMENT

Jim Noseda