**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRYSTAL CURTIS, Duly Appointed
Personal Representative for the Estate
of Michael Contrell Adams, deceased,

Plaintiffs,
v.

CASE NO. : 21-12342
HON. Laurie J. Michelson
Mag. Jonathan JC Grey

CITY OF DETROIT, a municipality
CHIEF JAMES WHITE, POLICE OFFICER
JEJUAN JETTER AND POLICE OFFICER
EUGENE FIELDER,
in their individual and official capacities,
Jointly and Severally,

Defendants.

_______________________________________/

**DAVID A. ROBINSON (P38754)**
**BRANDON MCNEAL (P81300)**
ROBINSON & ASSOCIATES, P.C.
Attorneys for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

**CRYSTAL B. OLMSTEAD (P69202)**
CITY OF DETROIT LAW DEPART
Attorneys for Defendant City of Detroit
2Woodward Avenue, 5th Floor
Detroit, MI 48266
(313) 237-5035 Direct
(313) 237-3078 (Sec Linda Rucker)
olmsteadc@detroitmi.gov
ruckerli@detroitl.gov

**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
645 Griswold Street, Ste. 1900
Detroit, MI 48226
313.963.522; fax 313.963.9061
tekuhn@aol.com

_______________________________________/

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT and JURY DEMAND BY RIGHT</u>**

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

_______/s/ David A. Robinson_________
David A. Robinson (P38754)

**NOW COMES** the Plaintiff, by and through her attorneys, and for her Complaint against the Defendants states as follows:

**PARTIES**

1. At all pertinent times, Plaintiff and her deceased were residents of Wayne County, and citizens of the State of Michigan.

2. Chief James White along with officers JEJUAN JETTER and EUGENE FIELDER (hereafter Individual Defendants), were citizens of the State of Michigan, and at all pertinent times worked and were employed by the City of Detroit in Wayne County.

3. Defendant City of Detroit is a municipal corporation located in Wayne County, Michigan and operates subject to the laws and constitutions of both the State of Michigan and the United States of America.

**JURISDICTION AND VENUE**

4. Individual Defendants were at all pertinent times employed by the City of Detroit and were at all pertinent times, acting pursuant under color of state law and pursuant to customs, policies, and practices of Defendant City of Detroit.

5. Plaintiff brings this action under the laws of the State of Michigan, the United States Constitution, and 42 U.S.C. §1983.

6. Plaintiff also brings this cause of action pursuant to MCLA 600.2922 Wrongful death statute.

7. Venue is appropriate because the events giving rise to this action occurred entirely in Wayne County, Michigan.

8. The amount in controversy in this action is Twenty Million Dollars ($20,000,000.00) and is otherwise within this Court's subject matter jurisdiction.

## FACTUAL ALLEGATIONS

9. On or about August 8, 2021, Plaintiff's deceased was a passenger in a vehicle that lost control and unintentionally struck the driver's side of a parked undercover unmarked police car occupied by undercover plainclothes Defendants JEJUAN JETTER and EUGENE FIELDER.

10. At no time did either defendant officer identify himself as a police officer.

11. Immediately after the accident Plaintiff's deceased exited the vehicle and ran around the car and to the north into a crowd of people who had been spectating.

12. At no time did Plaintiff's deceased have a weapon.

13. Both JEJUAN JETTER and EUGENE FIELDER exited the undercover unmarked police vehicle. At least one of the defendant officers who will be identified through discovery, without announcing he was a police officer, shot at Plaintiff's deceased as he ran in the opposite direction, still unarmed, striking him

twice in the back and once in the forearm. The shot which is described as the "kill shot" is described as "a through and through entrance gunshot wound on the right upper back. The wound track proceeded through the posterior right 4th and 5th ribs, upper and lower lobes of the right lung, right subclavian artery, and ended at an exit wound on the anterior right neck. There was approximately 800 ml of blood within the thoracic cavity. The wound track was back to front, right to left and upward."

14. Another shot to the back is described as "a through and through entrance gunshot wound on the left lateral back. The wound track proceeded through the skin and soft tissue of the left flank and ended at an exit wound on the left lateral back. The wound track was from right to left."

15. At the time the unidentified defendant officer fired the terminal shot, Plaintiff's deceased fell to his knees. This shot was incapacitating and was the last shot fired.

16. At the time the unidentified defendant officer fired at Plaintiff's deceased he also was firing toward a group of unarmed innocent onlookers striking or nearly striking them with his bullets.

17. At no time were any shots fired at the officer. At no time was Plaintiff's deceased ever a threat to either defendant officer.

18. At the time of the terminal shot incapacitating the deceased, the claimed gun found at the scene was nowhere near the deceased's body.

19. At no time did either Individual Defendant ever intervene or prevent the unlawful actions to stop the use of deadly force against the unarmed deceased.

20. Contrary to the public statement made by Defendant White, Plaintiff's deceased at no time pointed a gun at the officer, refused any order by the officer or was a threat to the officer, or his partner, as is implied by the Chief.

21. At that time, Individual Defendant officers were under the direction and control of Defendants City of Detroit and White, exhibiting excessive force although deceased was running away and was not facing the officers. As deceased was doing nothing illegal or threatening, Defendant officers had no justification for the use of deadly force.

22. Except for the improper conduct by Individual Defendant officers, no justification existed to use of any force, let alone deadly force against the Plaintiff's deceased.

23. The conduct of the City of Detroit:

a. Established or condoned customs, policies and/or practices pursuant to which Individual Defendant officers under the direction and control of Defendants Detroit and White, violated Plaintiff's deceased's well-established Constitutional rights;

b. Failed to properly train, discipline and/or supervise Individual

Defendant officers under the direction and control of Defendants Detroit and White and others such that they violated Plaintiff's deceased's well-established Constitutional rights;

c. Denied Plaintiff's deceased fair treatment during the investigation;

d. Denied Plaintiff's deceased fair and equal treatment; and,

e. Ratified, condoned, and/or permitted the conduct of Individual Defendant officers under the direction and control of Defendants Detroit and White and others;

24. The conduct of the Individual Defendant officers

under the direction and control of Defendants City of Detroit, White and others:

a. Exerted unnecessary and excessive force against Plaintiff's deceased;

b. Wrongfully shot Plaintiff's deceased's in violation of his 4th Amendment rights;

c. Were grossly negligent, and made Plaintiff's deceased's condition worse after shooting him;

25. As a direct and proximate result of Defendants' conduct, Plaintiff and Plaintiff's deceased suffered injuries and damages including, but not limited to:

a. Economic damages, past and future;

b. Pain and suffering, physical injury;

c. Loss of society and companionship;

d. Fear, anxiety, humiliation, and shame;

e. Serious emotional distress; and

f. Cost of past medical and funeral services.

g. Any and all damages allowable under Michigan's Wrongful Death statute.

**COUNT I**
**42 U.S.C. 1983 & 1985 AGAINST INDIVIDUAL DEFENDANTS**

26. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

27. The Individual Defendant officers' actions under the direction and control of Defendants Detroit and White and others were done in their individual capacities, and under color of state law.

28. The Individual Defendant officers' actions under the direction and control of Defendants Detroit and White and others violated clearly established rights of the Plaintiff's deceased, including, but not limited to:

a. The right to be free from excessive force in the course of an arrest (4th and 14th Amendment);

b. The right to have officers intervene to prevent wrongful conduct by a fellow officer (4th and 14th Amendment);

c. The right to be free from wrongful detention (4th and 14th Amendment); and,

29. As a direct and proximate result of the Individual Defendant officers' actions under the direction and control of Defendants City of Detroit and White and others, Plaintiff and Plaintiff's deceased suffered injury and damages including, but not limited to those set forth in paragraph 25.

**WHEREFORE**, Plaintiff claims judgment against Individual Defendants in the amount of Twenty Million Dollars ($20,000,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

**COUNT II**
**MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF DETROIT UNDER 42 USC 1983**

30. Plaintiffs hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

31. At all times herein, Defendant City of Detroit with deliberate indifference to the constitutional rights of the Plaintiff's deceased and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff deceased's rights under the United States Constitution:

a. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to preventing wrongful conduct by fellow officers and with regard to the appropriate and necessary use of force;

b. Hiring and/or retaining as law enforcement officers, supervisors, and certain persons whom the Defendant City of Detroit knew or had actual notice of using excessive force, failing to intervene to stop wrongful conduct by fellow officers;

c. Failing to intervene when it knew of improper excessive force;

d. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the improper use of force, and failure to intervene to stop other officer's wrongful conduct;

e. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Detroit; and,

f. Directing and controlling the wrongful actions of Defendant police officers by Defendant City of Detroit and White and others.

32. Each of the customs, policies, or practices was known to Defendant City of Detroit as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff's deceased and other individuals, and each was a moving force in the violations of the Plaintiff deceased's United States constitutional rights, as set forth herein.

33. As a direct and proximate result of Defendant City of Detroit's actions, Plaintiff and Plaintiff's deceased suffered injury and damages including those set forth in paragraph 25.

**WHEREFORE**, Plaintiff claims judgment against Defendant City of Detroit in the of Twenty Million Dollars ($20,000,000), which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including Michigan Wrongful Death, exemplary and/or punitive damages allowable by law.

**COUNT III**
**LIABILITY UNDER STATE LAW AGAINST INDIVIDUAL DEFENDANTS**

34. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

35. Individual Defendant officers were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

36. The minor decision making involved in Individual Defendant officers' actions at all times relevant hereto were merely incidental to the execution of said Individual Defendant officers' ministerial-operational duties.

37. At all times relevant hereto, Plaintiffs had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and United States Constitution, by Individual Defendant officers.

38. At all times relevant hereto, Individual Defendant officers failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous

conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

a. To act in good faith, while shooting, detaining and killing Plaintiff's deceased;

b. To act in good faith, while exerting excessive force upon Plaintiff's deceased;

c. To comply with all applicable statutes, laws, rules, regulations and/or ordinances, including but not limited to the Michigan laws.

39. Notwithstanding these duties, Individual Defendant officers knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff's deceased in a manner violative of Michigan law, Federal law and the United States Constitution, by acting in bad faith and engaging in ultra vires conduct.

40. Notwithstanding these duties, Individual Defendant officers knowingly failed to fulfill their ministerial duties while on duty and acting during their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully exerted excessive force upon Plaintiff's deceased in bad faith.

41. Notwithstanding these duties Individual Defendant officers deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

a. By wrongfully detaining, shooting and killing Plaintiff's deceased.

b. By exerting excessive force on Plaintiff's deceased.

42. As a direct and a proximate result of Individual Defendant officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff's deceased and Plaintiff were injured.

43. As a direct and a proximate result of Individual Defendant officers' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff and Plaintiff's deceased suffered and continue to suffer serious and permanent personal injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 25 or allowable under Michigan's Wrongful Death statute.

**COUNT IV**
**GROSS NEGLIGENCE UNDER STATE LAW**

44. Plaintiffs hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

45. Individual Defendant officers owed Plaintiffs a duty of care, including but not limited to a:

a. Duty to provide protection for Plaintiff's deceased when he was in a helpless condition;

b. Duty not to make Plaintiff's deceased's condition worse after shooting him;

c. Duty to properly assure the safety of Plaintiff's deceased when he was in their care;

d. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff's deceased which they should have recognized as necessary for the protection of Plaintiff's deceased's person and failed and, their failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A; and,

e. Duty not to improperly use deadly weapons against foreseeable victims.

46. The actions of the Individual Defendant officers wantonly and recklessly, in gross negligence, violated the duties to Plaintiff's deceased and disregarded Plaintiff's deceased's rights.

47. The Individual Defendant officers' actions in acting with gross negligence and denying Plaintiff's deceased's rights caused loss of rights and injury to the Plaintiff's deceased and Plaintiff.

48. The Individual Defendant officers' actions were in wanton, reckless and callous disregard to Plaintiff's deceased's rights and to the injury to Plaintiff's deceased and were grossly negligent.

49. Under MCL 691.1407, citizens may maintain an action in tort against police Defendants whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

50. As a direct and proximate result of the Individual Defendant officers' actions, Plaintiff's deceased and Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 25.

**WHEREFORE**, the Plaintiff claims judgment against Defendants in the amount of Twenty Million Dollars ($20,000,000), which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including all those allowable under Michigan's Wrongful Death statute, exemplary and/or punitive damages.

## COUNT V
## ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANT OFFICERS

51. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

52. Individual Defendant officers under the direction and control of Defendants City of Detroit and White and others caused and/or effected the wrongful seizure, use of excessive force against Plaintiff's deceased.

53. In full view of members of the community, Individual Defendant officers under the direction and control of Defendants Detroit, White and others used excessive force, shooting and killing Plaintiff's deceased.

54. Individual Defendant officers under the direction and control of Defendants Mayor Detroit, White and others physically restrained Plaintiff's deceased and deprived him of his personal liberty, freedom of movement and life.

55. In full view of members of the community Individual Defendant officers under the direction and control of Defendants Detroit, White and others improperly used deadly weapons to restrain Plaintiff's deceased and deprived him of his personal liberty, freedom of movement and life.

56. The assault and battery killed Plaintiff's deceased.

57. As a direct and proximate result of the Individual Defendant officers' actions, Plaintiff's deceased and Plaintiff suffered injury and damages including those set forth in paragraph 25.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendant officers in the amount of Twenty Million Dollars ($20,000,000), which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including all damages allowed under the Michigan Wrongful Death statute, exemplary and/or punitive damages.

## JURY DEMAND

**NOW COMES** the Plaintiff and demands trial of her cause by jury.

Respectfully submitted,

/s/ David A. Robinson__________
DAVID A. ROBINSON (P38754)
THOMAS E. KUHN (P37924)
BRANDON MCNEAL (P81300)
Attorneys for Plaintiff

Dated: October 12, 2021