UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Crystal Curtis, duly appointed personal representative for the Estate of Michael Contrell Adams,

        Plaintiff,

v.

City of Detroit, et al.,

        Defendants.
_____/

Case No. 21-12342
District Judge Shalina D. Kumar
Magistrate Judge Jonathan J.C. Grey

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 51)

Crystal Curtis, duly appointed personal representative for the Estate of Michael Contrell Adams, brought this complaint against the City of Detroit, Chief James White, Police Officers JeJuan Jetter and Eugene Fielder under 42 U.S.C. §§ 1983 and 1985 alleging excessive force, failure to intervene to prevent wrongful conduct, and wrongful detention in violation of the Fourth and Fourteenth Constitutional Amendments along with other state law claims. (ECF No. 7.) Additionally, Curtis brings a *Monell* claim under § 1983 against the City of Detroit for deliberate indifference to plaintiff's deceased's rights. (*Id*.)

Curtis alleges that Adams was a passenger in a vehicle that lost control on the road and collided with plainclothes Officers Jetter and Fielder's parked

undercover, unmarked police vehicle. (ECF No. 7.) After the collision, Adams purportedly exited the vehicle and ran away from the crash. (*Id.*) Curtis alleges that Jetter proceeded to shoot Adams in the back as Adams was running away. (ECF No. 51.)

On October 24, 2022, Curtis filed a motion to compel. (*Id.*) Curtis seeks affidavits from Detroit Police Department (DPD) officials possessing knowledge, stating that the following items do not exist: (1) Jetter's drug test results from 2018 to present, (2) a recording of Jetter's Garrity statement, (3) a force investigation file concerning Adams' shooting produced by DPD, and (4) the PEERs records. (*Id.*) Additionally, Curtis wishes to view the Leica scan at Corporal Raymond Diaz's office and examine the 9mm gun recovered at the scene of Adams' shooting. (*Id.*) Finally, Curtis wants DPD to produce the use of force files for officers assigned to the "Drag Racing Detail". (*Id.*) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Curtis' motion to compel.

During a status conference held on January 25, 2023, the parties stated that they resolved the discovery issues concerning the Leica scan and the 9mm gun. Therefore, the Court **DENIES AS MOOT** Curtis' requests to view the Leica scan and the 9mm gun.

"Parties may obtain discovery on any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case." Fed. R.

Civ. P. 26(b)(1). The scope of discovery should be "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Courts have broad discretion over discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999).

When a party claims to have fully complied with all requests allowed under Federal Rule of Civil Procedure 26(b)'s broad umbrella, they must sign the response certifying that the disclosure is complete and correct to the best of the signer's knowledge, information, and belief. Fed. R. Civ. P. 26(g). Once a party has signed a response stating there is nothing more to disclose, there is nothing more for the Court to do absent a showing of improper certification. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021) (quotations omitted).

The defendants have stated on the record at the hearing, in signed responses, and in filings that the above enumerated materials (1) through (4) do not exist or were never created or possessed by the defendants. The defendants are not required to provide affidavits from DPD officials on the status of the documents, they have already fully complied with Rule 26(g). *See id.* Therefore, the Court **DENIES** Curtis' request for affidavits on the existence of the sought materials.

For the force investigation files for the Drag Racing Detail, the Court finds that those files are relevant to Curtis' *Monell* claim. *See Monell v. Dep't of Soc.*

*Servs. of City of New York*, 436 U.S. 658, 694–95 (1978); *Canton v. Harris*, 489 U.S. 378, 390 n.10 (noting that a city could be deliberately indifferent for a § 1983 claim when city police violate constitutional rights so frequently that the city is put on notice of a failure to train). It is unclear how many officers have been on the drag racing detail. Thus, to avoid expense and burden, the Court finds that a representative sample of 15 officers who served on the drag racing detail is appropriate. *See* Fed. R. Civ. P. 26(b)(1) (productions should be proportional to the needs of the case); Fed. R. Civ. P. 26(b)(2)(C) (the court may limit the extent of discovery if there is undue burden or expense). The Court **ORDERS** the defendants to produce all use of force files from January 1, 2020 to January 1, 2022 for the 15 officers **on or before March 2, 2023**..

    **SO ORDERED.**

Dated:   February 2, 2023               s/**Jonathan J.C. Grey**
                                                  Jonathan J.C. Grey
                                                  United States Magistrate Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 2, 2023.

<u>s/ **Julie Owens**</u>
Julie Owens
